**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**ROANOKE DIVISION**

| | | |
|---|---|---|
| **CHRISTOPHER DEWAYNE MORGAN,** | ) | **CASE NO. 7:19CV00801** |
| **Plaintiff,** | ) | |
| **v.** | ) | **MEMORANDUM OPINION** |
| **DUFFIELD REGIONAL JAIL, ET AL.,** | ) | **By: Glen E. Conrad** |
| | ) | **Senior United States District Judge** |
| **Defendants.** | ) | |

Plaintiff Christopher DeWayne Morgan, an inmate proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983. He alleges that while he was confined at the regional jail ("the jail"), in Duffield, Virginia, jail officials violated his constitutional rights in various respects. Upon review of the record, the court finds that the action must be summarily dismissed without prejudice.

Morgan alleges that in October 2019, Officer Boothe slammed the sally port door behind him and screamed in his face. After officers placed Morgan in handcuffs, he "was through'd [sic] against the wall face first," where Boothe and other officers repeatedly put "elbows to the back of [his] head with force," even though he was calm and not resisting. Compl. 4, ECF No. 1. Officer Scott grabbed Morgan's cuffed wrists and kept trying to twist them. Morgan was then "drug and tossed around" into a hallway, where Scott threw him against a window and repeatedly elbowed him in the back of the head. Id. Morgan ended up in segregation for assaulting another inmate, where he was denied a grievance and some of his personal property items.

Morgan also alleges that on November 1, 2019, officers ordered inmates to relocate to another part of the facility while the officers conducted a search. Some of Morgan's personal

property items were mishandled. Officer Fucarea brought Morgan pants that were too big, refused to exchange them, yelled at Morgan for beating up a handicapped inmate, and "basically put a hit on [Morgan] to a very well known gang member . . . and told him that [Morgan] need[ed] to be jump[ed]." Id. at 3. Morgan asked to "have a keep away put on" several gang member inmates, but he was not moved away from them. Id. Fucarea allegedly told one of the inmates that Morgan had requested a keep away, and that inmate later threatened Morgan. Morgan also alleges that the segregation cells are not adequately cleaned, that he feared catching an infection, that someone repeatedly kicked his segregation cell door, that his request for mental health medication was delayed for three weeks, and that he was denied unspecified "legal information" and grievances.

Morgan filed his § 1983 complaint in November of 2019, suing the jail, Booth, Fucarea, and Scott for "legal compensation." Id. at 2. The case was dismissed on two occasions thereafter, when Morgan failed to file timely responses to court orders regarding the filing fee, and the court granted Morgan's motions for reinstatement.

The case was reinstated the second time on April 1, 2020. After Morgan returned an executed consent to pay the $350 filing fee through installments from his trust account, the court notified him that his § 1983 complaint improperly joined unrelated claims against multiple defendants, see Fed. R. Civ. P. 18, 20, and ordered him to file an amended complaint bringing only properly joined claims. The order also advised Morgan that many of his allegations did not relate to any defendant he had named and that he could not sue the jail. The order clearly stated:

> FAILURE TO FILE AN AMENDED COMPLAINT WITHIN 21 DAYS FROM THE DATE OF THIS ORDER, TO CORRECT THE NOTED DEFICIENCIES, SHALL RESULT IN DISMISSAL OF THE COMPLAINT WITHOUT PREJUDICE. If plaintiff chooses not to file an Amended Complaint, he may request voluntary dismissal without prejudice or wait for automatic dismissal at

> the end of 21 days. Plaintiff may then refile a proper complaint or complaints at the time of plaintiff's choosing, subject to the applicable statute of limitations.

Order 2-3, ECF No. 19.

The allotted time for Morgan to file an amended complaint has passed, and he has not responded. Accordingly, the court will summarily dismiss the action without prejudice for failure to comply with a court order. An appropriate order will issue this day. Dismissal of the case without prejudice leaves Morgan free to refile his claims, provided that he can correct the deficiencies described in this opinion.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to Morgan.

**ENTER**: This 29th day of May, 2020.

Senior United States District Judge